# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-142

| | |
|---|---|
| WAYNE D. LENEAU, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person in State Custody. (Doc. No. 2). Having considered the petition and it appearing upon review that Petitioner has been released from custody, the Court concludes that the petition must be dismissed.

Section 2254(a) limits the availability of a federal remedy to state prisoners who are "in custody." 28 U.S.C. § 2254(a). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensely v. Mun. Court, 411 U.S. 345, 351 (1973). A prisoner meets the custody requirement of habeas corpus if he is incarcerated at the time he files the petition. Carafas v. LeVallee, 391 U.S. 234, 238 (1968). If, however, the petitioner's sentence expired before the petition was filed, the petitioner is not "in custody," regardless of the lingering consequences. Maleng v. Cook, 490 U.S. 488 (1989); Harris v. Ingram, 683 F.2d 97 (4th Cir. 1982).

Petitioner's sentence expired before he filed the instant petition: he was released from confinement on June 27, 2010[1] and did not file the instant habeas petition until March 25, 2011. .

---

[1] See North Carolina Department of Correction Offender Public Information, Wayne D. Leneau, *available at*:

Therefore, Petitioner does not meet the "in custody" requirement and this Court has no jurisdiction over Petitioner's § 2254 petition.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Petition pursuant to 28 U.S.C. § 2254, is DISMISSED as this Court is without jurisdiction to consider the petition;

2. Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs is DISMISSED as moot;

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 30, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0734249&searchOffenderId=0734249&listurl=pagelistoffendersearchresults&listpage=1 (last viewed March 29, 2011).